Amrane Cohen, Chapter 13 Trustee
Brian D. Wirsching (SBN 189491)
770 The City Drive South, Suite 3700
Orange, CA 92868
Phone (714) 621-0200
Office email: efile@ch13ac.com
Direct email: Brian@ch13ac.com

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>HORACIO LEE CHAN<br><br><br><br><br>Debtor(s) | **Case No.: 8:25-bk-11339-MH**<br><br>Chapter 13<br><br>**CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br>§ 341(a) Meeting:<br>Date:      July 1, 2025<br>Time:      9:00 am<br>Place:     Video Conference<br><br>Confirmation Hearing:<br>Date:         July 31, 2025<br>Time:         11:00 am<br>Courtroom: 6C<br>Address:    411 West Fourth Street,<br>                    Santa Ana, CA 92701 |

**PLEASE TAKE NOTICE** that Amrane Cohen, Chapter 13 Trustee ("Trustee"), hereby objects to confirmation of Debtor's Chapter 13 Plan filed June 2, 2025 [Docket No. 13] (the "Plan"), the confirmation hearing for which is set on the date, time, and location indicated above.

**NOTICE IS GIVEN** that unless an earlier date is provided by the Local Bankruptcy Rules ("LBR"), any documents requested herein or required to be provided to the Trustee must be provided not later than seven (7) calendar days prior to the confirmation hearing.[1]

**NOTICE IS GIVEN** that any reply to this objection must be in writing, filed with the Court, and served upon the Trustee not later than seven (7) calendar days prior to the confirmation hearing. Unless the Court finds good cause, a reply document not timely filed and served may not be considered.

The claims bar date for non-governmental entities of July 28, 2025, has not passed but will have passed as of the confirmation hearing. To ensure Plan feasibility and that all allowed claims are provided for in the Plan, the Trustee requests that Debtor reviews proofs of claim filed as of the claims bar date.

Pursuant to 11 U.S.C. § 1302(b)(2)(B), the Trustee "shall … appear and be heard at any hearing that concerns … confirmation of a plan." In furtherance of this duty, the Trustee objects to confirmation on the following grounds:

1.    Plan payments are delinquent $1,018.24 for the plan payment that came due on June 19, 2025. LBR 3015-1(k)(1)(A), 11 U.S.C. § 1326(a).

2.    Per the Declaration Re Filing of Tax Returns and Payment of Domestic Support Obligations filed as Docket No. 14, Debtor indicates that they have not filed as required tax returns, but do not specify which returns have not been filed. LBR 3015-1(b)(4). 11 U.S.C. §§

---

[1] The Local Bankruptcy Rules may be found at http://www.cacb.uscourts.gov/local-rules.

1308, 1325(a)(9).  The Trustee has received an Inquiry re Missing Return from the Internal Revenue Service ("IRS") indicating that the 2024 federal tax returns has not been filed.

3. The following income tax returns have not been provided to the Trustee:  2023 and 2024 state and federal.  LBR 3015-1(c)(3).

4. The following documentation of income has not been provided to the Trustee:  a) pension of $1,000 per month.  LBR 3015-1(c)(3).  In addition, per Schedule I, Debtor relies on contributions to fund the Plan of $1,000 per month.  Debtor must file a contribution declaration for each contributor, along with evidence of the contributor's ability to contribute.  LBR 3015-1(c)(3).

5. Per Class 2 of the Plan, Debtor is to be the disbursing agent for post-petition contractual installment payments to Select Portfolio Servicing ("SPS").  Debtor has not filed a Declaration Setting Forth Postpetition, Preconfirmation Payments showing timely payment of the June or July 2025 mortgage payments.  LBR 3015-1(e)(3) and (m)(2).  Absent evidence of timely payment, the Trustee objects to Debtor acting as the disbursing agent.

6. The Plan does not provide for the IRS's secured claim proof of claim no. 3 in the amount of $342,900.86.  11 U.S.C. § 1325(a)(5).

7. The Plan does not provide for the full payment of the IRS's priority proof of claim no. 3 in the amount of $11,725.12.  11 U.S.C. § 1322(a)(2).

8. The Plan does not provide for the full payment of the Franchise Tax Board's secured proof of claim no. 2 in the amount of $66,426.94.  11 U.S.C. § 1325(a)(5).

9. Schedule D secured creditor, Capital One, with a lien on a 2017 Nissan vehicle, is not provided for in plan.  11 U.S.C. § 1325(a)(5).  As the note ends in September 2025, within

the term of the Plan, "cure and maintain" under 11 U.S.C. § 1322(b)(5) is not applicable and the entire claim should be paid in full through the Plan.

10. Schedule D appears to incorrectly list the first trust deed to SPS with a claim of $50.

11. The Class 1 provision for the order of priority of payment of attorneys' fees "to be paid first" is improper and does not comply with LBR 9009-1(b)(4) and (c).

12. The Trustee objects to Debtor acting as disbursing agent post-petition contractual installment payments to SPS. Debtor has a prior chapter 13 case 8:24-12340 dismissed October 3, 2024, no motion to continue the stay filed, showing good faith in the filing, and the Declaration Setting Forth Postpetition, Preconfirmation Payments has not been timely filed.

13. The Trustee reserves the right to supplement this objection or raise additional grounds for objection at the confirmation hearing. The filing of this objection does not in any way limit the Trustee's duty to appear and be heard at hearings which concern confirmation of a plan. 11 U.S.C. § 1302(b)(2)(B).

Based on the foregoing, the Trustee requests that confirmation be denied and that the case be dismissed or converted, whichever is in the best interests of creditors.

Dated: July 7, 2025

/s/ Brian D. Wirsching
Staff Attorney for
Amrane Cohen, Chapter 13 Trustee

## **DECLARATION**

I, Brian D. Wirsching, I am employed as a staff attorney for Amrane Cohen, Chapter 13 Trustee in this case ("Trustee"). The Trustee is the duly appointed chapter 13 trustee in the instant case. I have personally reviewed the files and records maintained by the Trustee in this case and the facts stated this objection are true and correct to the best of my knowledge. I declare under the penalty of perjury that the foregoing is true and correct.

Dated: July 7, 2025                    By: /s/ Brian D. Wirsching
                                                    Attorney for Amrane Cohen, Chapter 13 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

770 The City Drive South, Suite 3700, Orange, CA 92868

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 07/07/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Amrane Cohen   efile@ch13ac.com
United States Trustee (SA)   ustpregion16.sa.ecf@usdoj.gov
Juanita V Miller jvmesq@aol.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 07/07/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Horacio Lee Chan, Mr
1491 S Walnut St #61
Anaheim, CA 92802

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Hon. MARK D HOULE

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/07/2025 | Reyna Patrick | /s/ Reyna Patrick |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                              **F 9013-3.1.PROOF.SERVICE**